(3) The records of a physician, hospital, clinic or similar entity.

(4) The written statements or reports of another person expected to be called by a party at the hearing of the case.

(5) The report of an organization or governmental body or agency stating the right of the claimant to receive, be denied, have increased or decreased benefits, and the amount of the benefits being paid or payable to the claimant.

(6) Other materials relevant to the request for supersedeas.

34 Pa.Code § 131.42 (emphasis added). This section itemizes the evidence that a WCJ may consider "in relation to a request for supersedeas," which is the action that results from checking the box. Section 131.42 does not limit its application to a regular request for supersedeas and I believe that it is available to the parties during a special supersedeas hearing.

In the instant matter, the subject of the proceeding was the challenge to the suspension of benefits. When Claimant challenged that suspension, she was alleging that she had a right to continued benefits. I believe that the WCJ, in deciding whether Claimant did, indeed, have a right to continued benefits, was entitled to consider evidence proffered by both Claimant and Employer that indicated that her failure to return to work was not work related. As articulated by the Commonwealth Court, it is beyond reason to require a WCJ to turn a blind eye toward evidence entitling a party to a supersedeas when all parties are assembled. *See U.S. Airways v. WCAB (Rumbaugh),* 808 A.2d 1064, 1068 (Pa. Cmwlth.2002) (citing 1 Pa.C.S. § 1922 (statutes should not be interpreted to affect absurd result)), *petition for allowance of appeal granted,* 573 Pa. 669, 820 A.2d 706 (2003). I do not believe that it is the intent of the General Assembly that, once an insurer has suspended benefits because the claimant has returned to work, the employer must file a Petition to Suspend or Terminate benefits along with an Application for Supersedeas every time a claimant checks the box.

**James ANTHONY, Deceased c/o Mary Anthony,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ANDERSON BOX COMPANY, INC. and HIGHLANDS INSURANCE COMPANY).**

**Appeal of Anderson Box Company, Inc. and Highlands Insurance Company.**

Supreme Court of Pennsylvania.

Argued May 13, 2004.
Decided July 20, 2004.

William James Witte, Pittsburgh, for Anderson Box Company, Inc. and Highlands Insurance Company

James A. Holzman, Harrisburg Amber Marie Kenger, Mechanicsburg, Richard C. Lengler, Harrisburg, for Workers' Compensation Appeal Board.

Michael Walter Flannelly, York, for James Anthony, deceased c/o Mary Anthony.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 20th day of July, 2004, the appeal is dismissed as having been improvidently granted.